# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA R. BELLA,
        Plaintiff,

v.                                                                          Case No. 16-C-1134

ANTHONY MELI, ANN SCARPITA, and
BELINDA SCHRUBBER,
        Defendants.

## DECISION AND ORDER

Joshua Bella is an inmate at Waupun Correctional Institution in the custody of the Wisconsin Department of Corrections (DOC). Bella suffers from the "hypermobility type" of Ehlers-Danlos syndrome (EDS), an inherited disorder of the connective tissues with various manifestations, including "hyperextensible skin and joints" and "easy bruisability." *Dorland's Illustrated Medical Dictionary* 1828–29 (32d ed. 2012). Bella brings this action under 42 U.S.C. § 1983 alleging that defendants, two past managers of Waupun's Health Services Unit (HSU) and Waupun's Security Director, violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him adequate medical care and appropriate accommodations for his condition.

Defendants move for summary judgment on Bella's claims. I must grant defendants' motion if they show that "there is no genuine dispute as to any material fact" and they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56.(a). A fact is material if a dispute over it "might affect the outcome of the suit under the governing law," and a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). On summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences . . . drawn in his favor," *id.* at 255, but I deem all "uncontroverted statements of material fact admitted," Civil L. R. 56(b)(4) (E.D. Wis.).

## I. BELLA'S CLAIMS AGAINST ANTHONY MELI

Bella proceeds against Waupun's Security Director, Anthony Meli, asserting that he "failed to intervene and stop harmful actions of staff under his control." *See* Pl.'s Opp'n Br., Docket No. 101, at 6. Bella's claims against Meli arise from issues he has had at security checkpoints while moving around Waupun. He says that, due to his EDS, he wears medical braces over much of his body and that security staff have required him to remove his braces when passing through checkpoints, which is "an ordeal" that "drains what little muscle strength" he has, causes "excruciating pain," and results in "debilitating joint [and] muscle weakness [and] damage." Compl., Docket No. 1, ¶ 7. Bella claims that he wrote and spoke to Meli about the issue but Meli failed to help and, thus, violated his Eighth Amendment rights.

Defendants argue that Meli is entitled to judgment on Bella's claims against him because Bella did not exhaust his administrative remedies with respect to those claims.

> Under the [Prison Litigation Reform Act], a prisoner must exhaust "such administrative remedies as are available" before bringing a suit "with respect to prison conditions under section 1983 . . . or any other federal law." The exhaustion requirement is interpreted strictly; thus, a "prisoner must comply with the specific procedures and deadlines established by the prison's policy."

*Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (omission in original) (citations omitted) (quoting 42 U.S.C. § 1997e(a); *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015)) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)).

2

Wisconsin Administrative Code chapter DOC 310 details the "inmate complaint review system" that applies in DOC institutions like Waupun. In general, an inmate must use this system "to raise issues regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment" before commencing a civil action in court as to any such issues. *See* Wis. Admin. Code DOC § 310.05–.06. To properly raise an issue under this system, a prisoner must first try to informally resolve it, and then he must file a formal complaint within 14 days, which "may contain only one clearly identified issue" and "must contain sufficient information for the [DOC] to investigate and decide the complaint." *Id.* § 310.07(1)–(2), (5)–(6). If an inmate receives an adverse decision, he must timely appeal it. *Id.* § 310.09(1). An inmate's administrative remedies are exhausted once his appeal has been pending for 90 days or the DOC secretary makes a final decision with respect to the appeal. *Id.* § 310.13.

Bella argues that he exhausted his administrative remedies with respect to his claims against Meli, citing an offender complaint that he filed on December 16, 2014. That complaint was denied, and Bella appealed on April 16, 2015. Defendants concede that Bella exhausted his administrative remedies as to this complaint, but they argue that Meli's alleged misconduct does not fall within the scope of that complaint, which concerns issues with HSU's treatment of (or alleged refusal to treat) Bella's EDS. Indeed, in neither the complaint nor his appeal does Bella mention issues with security.

Bella argues that his complaint broadly concerns "the denial of . . . medical care" and must be liberally construed to encompass "all symptoms and treatment" related to his EDS, as well as "[t]he removal of bracing, issuing of bracing or any other actions" necessary "to preserve [his health]." *See* Pl.'s Opp'n Br., *supra*, at 7. First, I cannot

3

adopt Bella's exceedingly broad reading of his complaint; it simply does not contain enough information to have reasonably notified the DOC of his security issues such that the department would have even known, much less been able, to investigate them. Moreover, Bella's complaint cannot encompass Meli's alleged misconduct; as Bella concedes, he did not write to Meli about the "security checkpoint issue" until months after his administrative complaint was resolved, and he never filed an inmate complaint specifically concerning to the security checkpoint issue.

Having reviewed Bella's claims in this case and his inmate complaint, I agree with defendants that Bella failed to exhaust his administrative remedies with respect to his claims against Meli. Therefore, Meli is entitled to judgment as a matter of law under § 1997e(a). I will grant defendants' motion for summary judgment on those claims.

## II. BELLA'S CLAIMS AGAINST BELINDA SCHRUBBE AND ANN SCARPITA

Bella proceeds against Belinda Schrubbe and Ann Scarpita on Eighth Amendment claims that they were deliberately indifferent to his medical needs. Prisoners ordinarily sue healthcare providers for deliberate indifference. Here, though, Bella sues Schrubbe and Scarpita, who each served as Waupun's HSU manager for about 6 months during his incarceration there, and seeks to hold them liable for what he considers to be inadequate care during their respective management tenures.

Bella's claims against Schrubbe and Scarpita fail for three primary reasons. First, "§ 1983 does not establish a system of vicarious liability; a public employee's liability is premised on her own knowledge and actions, and therefore requires evidence that each defendant, through her own actions, violated the Constitution." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 630 (7th Cir. 2017). Second, "[p]rison officials generally are

entitled to rely on the judgment of medical professionals treating an inmate," even where, as here, the relevant officials are "themselves medical professionals" but were acting "as prison administrators and policymakers, not treaters." *Rasho v. Elyea*, 856 F.3d 469, 479 (7th Cir. 2017). Finally, "[p]ublic officials do not have a free-floating obligation to put things to rights," so "no prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Here, the record clearly reflects that EDS is a complicated condition that is difficult to treat and that, despite his complaints, Bella has received consistent treatment and a host of accommodations for it. He has been seen by numerous providers, including nurses, physicians, and physical therapists, both in prison and off site. He has received braces for his knee and ankles, an extra pillow, a low bunk, and a first-floor cell assignment, among other accommodations. Moreover, the record shows that when Bella's case went before either Schrubbe or Scarpita, as HSU manager, they investigated and responded to the issues raised. Thus, even I could fault either of them for their conduct with respect to Bella's treatment, no reasonable jury could find that they were *deliberately indifferent* to his needs.

Bella also seeks to hold Schrubbe and Scarpita liable for what he considers to be inadequate mental-health treatment. Specifically, he says that his prison psychiatrist would not prescribe him stimulant medications to treat his attention-deficit disorder. However, as noted above, Schrubbe and Scarpita were entitled to rely on the professional judgment of the prison psychiatrist, who consistently documented that he saw no need to prescribe Bella the medication he asked for. Under these circumstances, the Constitution simply did not compel Schrubbe and Scarpita to

5

intercede on Bella's behalf, so they cannot be held accountable under the Eighth Amendment for their supposed failure to do so.

Based on the present record, Schrubbe and Scarpita cannot be held liable as HSU managers for constitutionally deficient treatment, if any, provided by other HSU employees, and Bella has not shown that they did anything other than permissibly rely on the professional judgment of others or the ordinary delegation and division of responsibility and labor within the HSU. Therefore, he cannot prevail against them at trial for acting with deliberate indifference to his medical needs. As such, both Schrubbe and Scarpita are entitled to judgment as a matter of law, and I must grant defendants' motion for summary judgment with respect to all of Bella's remaining claims.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment (Docket No. 83) is **GRANTED**. The Clerk of Court shall enter final judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2018.

                                                   s/Lynn Adelman_____
                                                   LYNN ADELMAN
                                                   District Judge